424 A.2d 1384

**COMMONWEALTH of Pennsylvania**

v.

**Frank MARCELONIS, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed Jan. 30, 1981.

John W. Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

48

Before SPAETH, BROSKY and VAN der VOORT, JJ.

BROSKY, Judge:

Appellant was convicted in Municipal Court of carrying a firearm without a license[1] and carrying a firearm on a public street.[2] Marcelonis received a suspended sentence and was ordered to pay prosecution costs plus ten (10) dollars. A writ of certiorari was filed with the Court of Common Pleas and denied. This appeal followed.

On January 24, 1979, police officer Charles Merk and his partner were patrolling a section of Philadelphia by car. They observed something strike their car which they believed was thrown from the direction of three male bystanders. The police did not know what hit the car, from what direction it came, or who threw it. Nevertheless, the police officers stopped to confront the three males.

When appellant and his associates were approached, the police found three men, one banging on a door, one urinating against a wall, and the other—Marcelonis—walking about. Appellant was frisked, and a revolver was seized after a search of his coat pocket.

Marcelonis contends that the police lacked probable cause to arrest him; that the police did not have the necessary reasonable suspicion to "stop and frisk" him; and, accordingly, that the search and seizure violated his Fourth Amendment rights. U.S.Const. Am. 4.

The Fourth Amendment does not prohibit all warrantless searches, only those which are unreasonable. *U. S. v. Rabinowitz*, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950). It has long been recognized that the police may stop and question persons when they lack probable cause to arrest that person if suspicious circumstances exist. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

1. 18 Pa.C.S. § 6106.

2. 18 Pa.C.S. § 6108.

■ The Pennsylvania Supreme Court has stated in *Commonwealth v. Greber*, 478 Pa. 63, 385 A.2d 1313 (1979), the circumstances under which a *Terry*, supra, type search is permitted:

> A stop for investigatory purposes is justified under *Terry* only if the "police officer observes *unusual conduct* which leads him reasonably to conclude in light of his experience *that criminal activity may be afoot . . .*" (Emphasis added.) *Terry*, supra, 392 U.S. 1 at 30, 88 S.Ct. at 1884, 20 L.Ed.2d 911.

*Greber*, supra, 478 Pa. at 67, 385 A.2d 1316; *Commonwealth v. Hicks*, 434 Pa. 153, 253 A.2d 276 (1979). Furthermore, the suspicion of the police may not be based upon a visceral, "unparticularized suspicion or [a] 'hunch' " *Terry*, supra, 392 U.S. at 27, 88 S.Ct. 1868, 20 L.Ed.2d 889.

■ The facts presented us here do not demonstrate the existence of any "unusual conduct" indicating "criminal conduct may [have been] afoot . . .," *Greber*, supra, rather, they point to an unsubstantiated "hunch," *Terry*, supra, which led the police to act.

This is not the first instance where this court has decided police lacked sufficiently suspicious circumstances to act as they did. In *Commonwealth v. Pegram*, 450 Pa. 590, 301 A.2d 695 (1973) police lacked sufficient grounds to frisk a man for weapons whom they saw running from an alley near the scene of a completed burglary which had been reported to the police. Accordingly, there was no evidence that the police could reasonably suspect the man to possess a weapon.

The instant case contains facts which indicate—at best—that the police could have questioned appellant. However, upon review of the record, we find no facts to justify a frisk.

In accordance with prior decisions of this court, the trial court's order is reversed and appellant is discharged.

VAN der VOORT, J., dissents.