444 A.2d 1278

**COMMONWEALTH of Pennsylvania**

v.

**David WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 19, 1981.

Filed April 23, 1982.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BECK, WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in denying his suppression motion. We agree and, accordingly, reverse the court below, and remand for proceedings consistent with this opinion.

After being stopped by police while riding a bicycle appellant was charged with receiving stolen property. The lower court denied his suppression motion challenging the propriety of the stop. At trial, a Commonwealth witness identified the bicycle and testified that it had been stolen.[1] Appellant was adjudicated delinquent and sentenced to probation. This appeal followed.

In a suppression motion, the Commonwealth bears a burden of proving by a preponderance of the evidence that the challenged evidence is admissible. Pa.R.Crim.P. 323(h);

---

1. The bicycle was never introduced into evidence.

*Commonwealth v. Brown*, 473 Pa. 562, 566, 375 A.2d 1260, 1262 (1977). If the suppression motion has been denied, the appellate court "will consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted." *Id.*, 473 Pa. at 566, 375 A.2d at 1262, quoting *Commonwealth v. Kichline*, 468 Pa. 265, 280, 361 A.2d 282, 290 (1976).

So viewed, the evidence indicated the following: On November 6, 1977, at 3:00 p. m., appellant, a juvenile, was riding a ten-speed Raleigh bicycle near Germantown Avenue and Gorgas Lane in Philadelphia. A police officer in a patrol car stopped him. The officer had been informed by "various people in the neighborhood" that appellant "was responsible for stealing quite a few ten-speed bikes" and that "one of many bikes received were [*sic*] in [appellant's] possession." After questioning appellant, the officer inspected the bicycle frame and discovered that the serial number had been filed off. He then questioned appellant's mother and concluded that the bicycle had been stolen. The officer impounded the bike and released appellant. About two weeks later the officer learned of a summertime burglary involving a similar bicycle. The burglary victim subsequently identified the impounded bicycle as hers.

Appellant contends that the lower court erred in denying his suppression motion. We agree. In appropriate circumstances, a police officer is free to approach a citizen and address questions to him. *See, e.g., Commonwealth v. Berrios*, 437 Pa. 338, 263 A.2d 342 (1970). To stop or restrain a citizen, however, the officer must be able to "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Commonwealth v. Williams*, 287 Pa.Superior Ct. 19, 23, 429 A.2d 698, 700 (1981), quoting *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968). *Accord, Commonwealth v. Hicks*, 434 Pa. 153, 253 A.2d 276 (1969). The encounter is a "stop" that must be justified by the *Terry* standard if, under all the circumstances, "a rea-

sonable man, innocent of any crime, would have thought [he was being restrained] had he been in the defendant's shoes." *Commonwealth v. Jones*, 474 Pa. 364, 372–73, 378 A.2d 835, 840 (1977) (citation and footnote omitted), *cert. denied*, 435 U.S. 947, 98 S.Ct. 1533, 55 L.Ed.2d 546 (1978). Though the line of demarcation between a "stop" and a mere approach cannot be precisely drawn, factors such as whether the officer makes a show of authority or exercises force, the officer's demeanor and manner of expression, the location, and the content of any interrogatories or statements are relevant to the determination. *Id. See, e.g., Commonwealth v. Greber*, 478 Pa. 63, 385 A.2d 1313 (1978) (plurality opinion) (blocking defendant's automobile a stop); *Commonwealth v. Hall*, 475 Pa. 482, 380 A.2d 1238 (1977) (three officers approaching defendant not a stop); *Commonwealth v. Stewart*, 257 Pa.Superior Ct. 334, 390 A.2d 1264 (1978) (officer's command after identifying self a stop). In the instant case, the officer was traveling in a patrol car, appellant was riding a bicycle, and the stop occurred on the street. When asked to explain the circumstances the officer responded only that he "stopped the boy on the street." Under these circumstances, we must conclude that a reasonable, innocent person in appellant's shoes would not feel free to leave.

Having determined that a "stop" occurred, we must decide whether the officer could "point to specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant the intrusion." *Terry v. Ohio, supra* 392 U.S. at 21, 88 S.Ct. at 1880, 20 L.Ed.2d at 906. *Accord, Commonwealth v. Williams, supra; Commonwealth v. Galadyna*, 248 Pa.Superior Ct. 226, 375 A.2d 69 (1977); *Commonwealth v. Ferraro*, 237 Pa.Superior Ct. 268, 352 A.2d 548 (1975). If the officer cannot point to such facts, the stop is unjustified. *See Commonwealth v. Jones, supra* (defendant merely walking, breaking no law when observed); *Commonwealth v. Murray*, 460 Pa. 53, 331 A.2d 414 (1975) (automobile being lawfully driven); *Commonwealth v. Jeffries*, 454 Pa. 320, 311 A.2d 914 (1973)

(defendant's fleeing on sight of police officers does not justify stop); *Commonwealth v. Hicks, supra* (informant's description too vague); *Commonwealth v. Cruse,* 236 Pa.Superior Ct. 85, 344 A.2d 532 (1975) (informant's tip lacked indicia of reliability, only described defendant and auto, not any criminal activity). The stop may be justified if the "police officer observes usual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot." *Terry v. Ohio, supra* 392 U.S. at 30, 88 S.Ct. at 1884, 20 L.Ed.2d at 911. Alternatively, the officer may obtain sufficient information from an informant or from his personal knowledge that, when coupled with the circumstances, gives rise to a reasonable suspicion that the appellant is presently involved in criminal activity. *See Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972) (anonymous informant plus corroborating circumstances); *Commonwealth v. Stewart, supra* (appellant resembled known prison escapee); *Commonwealth v. LeSeuer,* 252 Pa.Superior Ct. 498, 382 A.2d 127 (1977) (anonymous informant plus corroborating circumstances). Anonymous informants' tips completely lacking in indicia of reliability will not justify a *Terry* stop. *Commonwealth v. Cruse, supra,* 236 Pa.Super. at 91, 344 A.2d at 535 (further investigation and corroboration needed). *See Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1969). Nor will common rumor or report, standing alone, justify a stop, for "[a]nything else would invite instrusions upon constitutionally guaranteed rights based on nothing more than inarticulate hunches, a result [courts have] consistently refused to sanction." *Terry v. Ohio, supra* 392 U.S. at 22, 88 S.Ct. at 1880, 20 L.Ed.2d at 906. Ordinary, everyday conduct on the street, in contrast to atypical activity, does not provide needed corroboration. *Cf. Commonwealth v. Mackie,* 456 Pa. 372, 320 A.2d 842 (1974) (defendant carrying portable TV and field glasses in daylight on street in high crime area justified brief stop but not arrest). That various people in the neighborhood had told the officer that appellant was responsible for stealing several ten-speed bikes and that he possessed one of them, merely relates a common report.

The officer gave no indication of his informants' reliability. He knew of no complaint concerning the particular bicycle appellant was riding. Appellant was breaking no traffic law, nor was he engaging in any unusual activity. He was merely riding an ordinary ten-speed bicycle in broad daylight on a public street. Under these circumstances, we find that the officer lacked an adequate justification for the stop. Accordingly, the lower court erred in denying appellant's suppression motion. We must therefore reverse and remand for proceedings consistent with this opinion.

So ordered.

WATKINS, J., files a dissenting opinion.

WATKINS, Judge, dissenting:

I respectfully dissent.

In the instant case the officer stopped the defendant while he was operating a stolen bicycle. Upon doing so the officer observed that the serial number of the bicycle had been forcibly removed from the frame of the bicycle. Prior to stopping the defendant, the officer had been investigating bicycle thefts in the area and had been informed that the defendant had been involved with stolen bicycles. While the information which the officer had when he stopped the defendant to talk to him may not have been enough to arrest him it certainly justified the intermediate step of stopping the defendant rather than ignoring him. See *Commonwealth v. LeSeuer*, 252 Pa.Superior Ct. 498, 382 A.2d 127 (1977) [Allocatur denied—May 3, 1978]. The Fourth Amendment to our Constitution does not require a police officer "who lacks the precise level of information necessary for probable cause to arrest to simply shrug his shoulders and allow a crime to occur or a criminal to escape". *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1977).

I would affirm the defendant's adjudication as based upon properly seized and sufficient evidence.