654 A.2d 1141

**COMMONWEALTH of Pennsylvania**

v.

**Mark ARCH, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1994.

Filed Feb. 15, 1995.

608

■■■■■■■■■■■■

Lenora M. Smith, Harrisburg, for appellant.

Edward Marsico, Asst. Dist. Atty., Harrisburg, for the Com., appellee.

Before CAVANAUGH, POPOVICH and SAYLOR, JJ.

POPOVICH, Judge:

■■■ This is an appeal from a judgment of sentence entered in the Court of Common Pleas of Dauphin County following appellant's conviction for unlawful possession of drug paraphernalia.[1] Appellant now contends that trial counsel was ineffective for failing to file a motion to suppress.[2] After careful review, we reverse, vacate the judgment of sentence and remand for a new trial.

Examination of the record reveals the following: On July 24, 1991, Officer Scott Neal, while on routine patrol, heard a report that a white Toyota with a Virginia registration was being used by three black males wanted in an assault incident. Neither the license plate number nor the model type of the Toyota was known to Officer Neal. There was also no physical description of the perpetrators other than they were three

1. 35 Pa.S.A. § 780–113(a)(32).

2. Appellant also contends that the evidence was insufficient to sustain his conviction for unlawful possession of drug paraphernalia. 35 Pa.S.A. § 780–113(a)(32) prohibits "[t]he use of, or possession with intent to use, drug paraphernalia for the purpose of ... preparing ... packing or otherwise introducing into the human body a controlled substance in violation of this act." The evidence is sufficient when, "viewing the evidence admitted at trial in the light most favorable to the Commonwealth and drawing all reasonable inferences in the Commonwealth's favor, there is sufficient evidence to enable the trier of fact to find every element of the [crime] charged beyond a reasonable doubt." *Commonwealth v. Carter*, 329 Pa.Super. 490, 495–96, 478 A.2d 1286, 1288 (1984). Here, the evidence was sufficient to sustain the conviction because the Commonwealth presented evidence that the paraphernalia was seized in a motel room in which appellant was residing. *See, Commonwealth v. Macolino*, 503 Pa. 201, 469 A.2d 132 (1983); *Commonwealth v. Mudrick*, 510 Pa. 305, 507 A.2d 1212 (1986).

black males. Later, Officer Neal observed a white Toyota with Virginia license plates in the parking lot of the Cloverleaf Motel. Officer Neal contacted the communications center to confirm what type of vehicle was used in the assault. The communications center confirmed the earlier report and also informed Officer Neal that a handgun was involved in the assault.

Officer Neal then radioed for additional officers and positioned his patrol car so he could observe the white Toyota. While waiting for support to arrive, he observed appellant approach the front of the motel. Officer Neal believed that appellant, upon seeing the patrol car, turned around and walked back to the rear of the motel. Officer Neal never observed appellant approach the white Toyota or take any action that would indicate that appellant was connected with the car. A few minutes later, Officer Neal observed appellant walk parallel to the motel and enter the motel office and then return to his room. Officer Neal never observed which room appellant entered.

A sweep of the area was made when the support officers arrived. During this sweep, appellant was once again walking around from the rear corner of the motel. The police stopped appellant and asked him in which room he was staying. According to Officer Neal, appellant stated that he was staying in Room 14. The police did not question appellant about the earlier assault incident or attempt to ascertain if appellant was connected with the white Toyota. During this initial stop, appellant also stated that another black male and a black female were staying in the room. Appellant was then placed in a police car for identification purposes.

The police then proceeded to Room 14 where a black male and a black female were ordered out of the room at gunpoint. Searching for what they believed to be an armed suspect, the police observed, in plain view, glassine packets which are commonly used for packaging cocaine. They also observed a shoulder holster, a firearms carrying case, fifty rounds of .25 caliber ammunition and several razor blades. All of this contraband was seized.

At appellant's bench trial, the Commonwealth offered the testimony of Officer Neal and the paraphernalia that was seized in the motel room. On cross-examination Officer Neal admitted that he could not positively connect the white Toyota in the parking lot with the one used in the assault. There was also no evidence that any other police officer established that the white Toyota in the parking lot was the car used in the assault. Appellant testified on his own behalf and denied that he was staying in Room 14 of the motel. Appellant also testified that he was charged with assault arising out the incident reported earlier that evening, but these charges were dismissed.

The court convicted appellant of unlawful possession of drug paraphernalia. Trial counsel, in post-verdict motions, asserted his own ineffectiveness for failing to file a motion to suppress the contraband. These motions were denied, and the court sentenced appellant to a period of five to twelve months imprisonment. This timely appeal followed.

Appellant's now contends that trial counsel was ineffective for failing to file a motion to suppress the evidence. We agree.

The standard applied when attacking counsel's competence is well known: "The ineffectiveness of counsel is shown where there is merit to the underlying claim, the course chosen by counsel does not have a reasonable basis, and the defendant shows prejudice." *Commonwealth v. Graham*, 522 Pa. 115, 118, 560 A.2d 129, 130 (1989). Where the ineffectiveness claim is based on the failure of counsel to move for suppression of evidence, "the defendant must establish that there was no reasonable basis for not pursuing the suppression claim and that if the evidence had been suppressed, there is a reasonable probability the verdict would have been more favorable." *Commonwealth v. Melson*, 383 Pa.Super. 139, 145, 556 A.2d 836, 839 (1989). Thus, we must first determine if there is merit to the claim that the evidence obtained in the hotel room should have been suppressed.

A police officer may approach a citizen or may briefly detain a citizen, without probable cause, for investigatory purposes. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Commonwealth v. Prengle,* 293 Pa.Super. 64, 437 A.2d 992 (1981). In order for such a stop to be reasonable under the Fourth Amendment to the United States Constitution, the police officer must point to specific and articulable facts "which in conjunction with rational inferences deriving therefrom" warrant the initial stop. *Prengle, supra,* 68, 437 A.2d at 994. "This standard is met 'if the police officer observes unusual and suspicious conduct on the part of the individual seized which leads him reasonably to conclude that criminal activity may be afoot . . .' " *Commonwealth v. Espada,* 364 Pa.Super. 604, 607, 528 A.2d 968, 969 (1987), *quoting Commonwealth v. Hicks,* 434 Pa. 153, 158–59, 253 A.2d 276, 279 (1969). A police officer cannot reach such a conclusion based upon an "unparticularized suspicion" or "hunch." *Terry, supra,* 392 U.S. at 27, 88 S.Ct. at 1883. If the reasons for the stop meet the aforementioned standards, the police officer may conduct a limited search of the suspect if he reasonably believes that his safety or the safety of others is threatened. *Id.* at 27, 88 S.Ct. at 1883. A police officer need not personally observe the suspicious conduct leading to the reasonable belief needed for a *Terry* stop and may rely upon information received over the police radio to justify the initial stop. *Prengle, supra,* 293 Pa.Super. 68, 437 A.2d at 994; *Commonwealth v. Jackson,* 359 Pa.Super. 433, 519 A.2d 427 (1986). A major factor in justifying a *Terry* stop when the suspicious conduct has not been personally observed is the specificity of the description of the suspect. *Jackson, supra,* 438, 519 A.2d at 430. An illegal *Terry* stop or arrest can taint a reasonable search. *See, e.g., Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Espada, supra,* 364 Pa.Super. 607, 528 A.2d at 969.

Here, the police did not have the reasonable suspicion required to make the initial stop of appellant. The Commonwealth produced no evidence that appellant exhibited any behavior that would connect him with the white Toyota and arouse a reasonable suspicion by Officer Neal. Moreover,

Officer Neal did not know whether the white Toyota in the parking lot was the one used in the assault. The police did not have a description of a suspect, and appellant did not display any suspicious behavior that would warrant a *Terry* stop. The mere fact that appellant walked back toward the rear of the motel after allegedly seeing Officer Neal did not constitute proper grounds for a *Terry* stop. *Commonwealth v. Jeffries*, 454 Pa. 320, 311 A.2d 914 (1973). Accordingly, the initial stop was illegal, and, as a result, the search of the motel room was tainted. *Wong Sun, supra,* 371 U.S. 471, 83 S.Ct. 407.

We held, in *Commonwealth v. Williams*, 298 Pa.Super. 466, 444 A.2d 1278 (1982),[3] that proper grounds for a *Terry* stop did not exist where a suspect's actions were much more suspicious than those of appellant in this case. In *Williams*, a police officer stopped an individual who was riding a bicycle because the police officer had information that the individual was responsible for stealing several bicycles. *Id.* 468, 444 A.2d at 1279. After questioning the defendant and the defendant's mother, the officer concluded that the bike was stolen and impounded the bicycle. *Id.* The impounded bicycle was subsequently identified by the burglary victim and she testified at the defendant's trial.

We held that the stop was not justified under *Terry* and that the lower court erred in denying appellant's motion to suppress the testimony of a witness who identified the bicycle and testified that it had been stolen. *Id.* 471, 444 A.2d at 1280. We stated that there was no reasonable basis for the police officer to conclude that criminal activity was afoot. *Id.* "Common rumor or report," without more, could not justify a stop. *Id.*

Here, appellant's connection with the crime is more tenuous than the connection in *Williams*. Officer Neal possessed no information that would have connected appellant with the earlier assault. Appellant took no actions that could be viewed as connecting him with the white Toyota. Moreover, there is no evidence that the police had a description of the individuals involved in the assault. Accordingly, appellant's

---

**3.** *Accord, Commonwealth v. Berrios*, 437 Pa. 338, 263 A.2d 342 (1970); *Commonwealth v. Marcelonis*, 284 Pa.Super. 46, 424 A.2d 1384 (1981)

underlying suppression claim is not without merit. *See also,*
*Commonwealth v. Hicks,* 434 Pa. 153, 253 A.2d 276 (1969)
(holding that police did not have grounds for *Terry* stop
simply because the defendant's appearance was similar to the
description given to police of the perpetrator of a recently
reported crime and defendant was walking near the crime
scene and not exhibiting any suspicious behavior); *Common-*
*wealth v. Jones,* 474 Pa. 364, 378 A.2d 835 (1977), *cert. denied,*
435 U.S. 947, 98 S.Ct. 1533, 55 L.Ed.2d 546 (1978) (holding
that police officer could not have had reasonable belief that
criminal activity was afoot where defendant was merely walk-
ing along the edge of the highway even though defendant was
carrying no bags and had an unkempt appearance).

■ Because appellant's underlying claim has arguable
merit, we must determine whether the course chosen by
appellant's counsel had a reasonable basis. *Graham,* 522 Pa.
115, 560 A.2d at 130. In other words, we must determine why
counsel neglected to file a motion to suppress the contraband
seized during the search of the motel room.

The record reveals that trial counsel did not have a reason-
able basis for his actions. In post-verdict motions, counsel
asserted his own ineffectiveness for failing to file a motion to
suppress the paraphernalia seized in the motel room. Thus,
counsel lacked a reasonable basis for his actions. *See, Com-*
*monwealth v. Schroth,* 495 Pa. 561, 435 A.2d 148 (1981)
(holding that counsel was ineffective for failing to file a motion
to suppress and remanding for a suppression hearing).

Finally, appellant must establish prejudice to merit relief
with an ineffectiveness claim. *Graham,* 522 Pa. 115, 560 A.2d
at 130. Prejudice exists when "but for the arguably ineffec-
tive act or omission, there is a reasonable probability that the
result would have been different." *Commonwealth v. Lott,*
398 Pa.Super. 573, 581 A.2d 612 (1990), *allocatur denied,* 527
Pa. 663, 593 A.2d 839 (1991). In order to determine if
prejudice existed, we must examine the entire record. *Com-*
*monwealth v. Glover,* 422 Pa.Super. 543, 619 A.2d 1357 (1993).

Instantly, trial counsel's actions were prejudicial to appellant. There is more than a reasonable probability that appellant would not have been convicted if the paraphernalia would have been suppressed. The Commonwealth's only additional evidence was the testimony of Officer Neal. Appellant's version of the incident contradicted Officer Neal's version of the incident in important areas. Because appellant suffered prejudice from the admission of the paraphernalia, he must be granted a new trial. *See, Melson, supra* (Trial counsel was ineffective for failing to file a motion to suppress identification testimony of a witness because without the disputed testimony there was a reasonable probability that the outcome of the trial would have been different. The witness provided the only untainted testimony connecting defendant with the crime.); *Commonwealth v. Corbin,* 322 Pa.Super. 271, 469 A.2d 615 (1983) (holding that if trial counsel failed to file a motion to suppress, ineffectiveness would be established because failure to do so could not have a reasonable basis).[4]

Reversed and remanded for a new trial. Judgment of sentence vacated. Jurisdiction relinquished.

---

**4.** The Commonwealth attempts to justify the entry and subsequent search of the motel room on the basis that "exigent circumstances" existed, excusing the need for a search warrant. *See, Commonwealth v. Williams,* 483 Pa. 293, 396 A.2d 1177 (1978), *cert. denied,* 446 U.S. 912, 100 S.Ct. 1843, 64 L.Ed.2d 266 (1980). The Commonwealth not only overlooks the *Terry* issue but also presents a flawed analysis of the circumstances that give rise to exigent circumstances. The Commonwealth contends that "exigent circumstances" alone will justify a warrantless entry and search of a dwelling.

The Fourth Amendment to the United States Constitution and the Article I, section 8 of the Pennsylvania Constitution protect motel guests from unreasonable searches and seizures. *Commonwealth v. Brundidge,* 533 Pa. 167, 620 A.2d 1115 (1993). In order to enter a dwelling without a warrant to make an arrest or conduct a search, the police must have probable cause as well as an exception to the warrant requirement. *Commonwealth v. Govens,* 429 Pa.Super. 464, 632 A.2d 1316 (1993) (citations omitted). Thus, the Commonwealth incorrectly asserts that exigent circumstances alone justified the warrantless entry and search of the motel room.