J-A30031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KEITH AUBREY BROOKIN II | |
| Appellant | No. 588 MDA 2016 |

Appeal from the Judgment of Sentence March 31, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0005005-2015

BEFORE:  BOWES, OLSON AND STABILE, JJ.

DISSENTING MEMORANDUM BY BOWES, J.:          **FILED APRIL 07, 2017**

I respectfully dissent.  While my esteemed colleagues present a perceptive expression of rationale, from my perspective, Swatara Police Officer Patrick Walsh's decision to initiate the investigatory detention that was the genesis of Appellant's DUI conviction was based upon intuition rather than articulable facts that Appellant was engaged in unlawful activity.

As the majority cogently explained, in order to justify the interdiction based upon reasonable suspicion, the Commonwealth was required to demonstrate that Officer Walsh could point to the specific and articulable facts that led him to suspect criminal activity was afoot.  ***See Terry v. Ohio***, 392 U.S. 1, 21 (1968).  I add, however, that singularly, Officer Owen's suspicion of criminal activity is insufficient unless he linked that suspicion to

Appellant's individualized conduct. ***Commonwealth v. Arch***, 654 A.2d 1141, 1144 (Pa.Super. 1995) ("This standard is met 'if the police officer observes unusual and suspicious conduct on the part of the individual seized which leads him reasonably to conclude that criminal activity may be afoot[.]'") (*quoting* ***Commonwealth v. Hicks***, 253 A.2d 276, 279 (Pa. 1969)). Thus, even where suspicious circumstances exist, an individual may not be seized "unless his or her personal conduct substantiates involvement in that activity." ***Commonwealth v. Maxon***, 798 A.2d 761, 768 (Pa.Super. 2002). Moreover, while a police officer's investigatory detention can be sustained by evidence of specific and articulable facts, unparticularized suspicion is insufficient. ***Commonwealth v. Arch***, 654 A.2d 1141, 1144 (Pa.Super. 1995) ("A police officer cannot reach such a conclusion based upon an 'unparticularized suspicion' or 'hunch.'").

Stated plainly, I do not believe that the circumstances surrounding Officer Walsh's justification for the interdiction, *i.e.*, "to make sure that everything was okay with the female [passenger] and [the] people that were in the car[,]" was supported by specific facts that suggest that Appellant was involved in criminal activity. ***See*** N.T., 3/31/16, at 9. The certified record does not establish that the traffic stop occurred in a high crime area or reveal any evidence to support the view that Appellant exhibited irregular behavior. During the suppression hearing, Officer Walsh testified that, as he drove his marked patrol vehicle on High Street in Steelton, Pennsylvania, at

approximately 1:00 a.m., he overheard a woman yelling in an automobile that was occupied by Appellant and another man. The officer observed a fourth person standing outside of the driver's-side window talking with Appellant. None of the people fled as the patrol car drove past Appellant's vehicle.

Officer Walsh could not decipher what the woman was shouting inside the car, and he did not immediately stop to investigate the incident. Instead, he decided to circle around the block, and upon his return, he stopped behind the car without activating his emergency lights or siren. The two passengers, which included the women, exited the car and, along with the man who had been standing outside the vehicle talking to Appellant, the three individuals hurried from the scene. Appellant drove away.

Notwithstanding Officer Walsh's stated concern for the woman's safety, the policeman did not hail her or either of the two gentlemen that were walking away from Appellant's car. Instead, Officer Walsh pursued Appellant for approximately 100 to 200 feet, and initiated the underlying traffic stop. As noted, the stated purpose for the interdiction was to "inquire about . . . why the female was yelling [or determine] [w]hat was the matter, if anything was the matter." *Id*. at 11.

Unlike my learned colleagues, I do not believe that the Commonwealth presented specific and articulable facts to suggest that Appellant was engaged in unlawful activity. From my perspective, Officer Walsh stopped

- 3 -

Appellant based upon on a hunch that something, which "seemed to be like an argument [or] a domestic type of situation[,]" was in process. *Id*. at 9. While Officer Walsh plainly had an intuitive feeling about what was occurring in Appellant's automobile when he first drove passed it, his estimation was not based on evidence that implicated Appellant's behavior. Indeed, the entirety of Officer Walsh's observation of Appellant's ostensibly suspicious actions were the paired facts that 1) Appellant was in the driver's seat of the parked car as a female passenger berated him, his passenger, or a third person standing outside the vehicle; and 2) Appellant drove away after the two passengers exited the car and all three companions hurriedly dispersed. In my view, this evidence falls short of the specific and articulable facts required to establish that Officer Walsh possessed reasonable suspicion that Appellant was engaged in criminal activity when he effectuated the investigatory detention. Accordingly, I respectfully dissent.