J-S30008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT C. WILLIAMS, | |
| Appellant | No. 584 MDA 2016 |

Appeal from the PCRA Order March 11, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0002019-2012

BEFORE: SHOGAN, RANSOM, and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED AUGUST 08, 2017**

Appellant, Robert C. Williams, appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

We summarize the procedural history of this case as follows. On November 22, 2011, Appellant was charged with various crimes related to his involvement in the November 10, 2011 robbery and murder of Stanley Cotton and the robbery of Bobby Barnes. On November 16, 2012, at the conclusion of a jury trial, Appellant was convicted of one count of second-

degree murder and two counts of robbery.[1]   The trial court immediately sentenced Appellant to serve a mandatory term of life imprisonment.

Appellant did not pursue a direct appeal.   Subsequently, Appellant timely filed a PCRA petition that resulted in the reinstatement of his direct appeal rights.   Thereafter, this Court affirmed Appellant's judgment of sentence on March 9, 2015. ***Commonwealth v. Williams***, 120 A.3d 1050, 252 MDA 2014 (Pa. Super. filed March 9, 2015) (unpublished memorandum).

On June 2, 2015, Appellant filed, *pro se*, the instant PCRA petition. The PCRA court appointed counsel to represent Appellant on June 25, 2015. On September 16, 2015, counsel filed an amended PCRA petition on Appellant's behalf.  The PCRA court held a hearing on March 11, 2016, at the conclusion of which it denied relief.   This timely appeal followed.   Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Whether the PCRA court erred in denying the Petition for Post-Conviction Relief for ineffective assistance of counsel on the basis that the Appellant's trial counsel failed to obtain medical records to challenge the voluntariness of the Appellant's statement to police?

2. Whether the PCRA court erred in denying the Petition for Post-Conviction Relief for ineffective assistance of counsel on the basis that the Appellant's trial counsel failed to adequately

---

[1] 18 Pa.C.S. §§ 2502(b) and 3701(a)(1)(ii).

discuss the Appellant's decision to testify at trial and to allow him to exercise his right to testify?

3. Whether the PCRA court erred in denying the Petition for Post-Conviction Relief for ineffective assistance of counsel on the basis that the Appellant's trial counsel failed to redact or object to testimony that the Appellant had been previously shot, and failed to request a mistrial based on the likelihood of its unfairly prejudicial effect after the jury heard such testimony?

Appellant's Brief at 4.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014).

We observe that each of Appellant's claims challenges the effective assistance of his trial counsel. Our Supreme Court has long stated that in order to succeed on a claim of ineffective assistance of counsel, an appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the

ineffectiveness of counsel caused the appellant prejudice. *Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001).

We have explained that trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*). Moreover, with regard to the second prong, we have reiterated that trial counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Ervin*, 766 A.2d 859, 862-863 (Pa. Super. 2000) (quoting *Commonwealth v. Miller*, 431 A.2d 233 (Pa. 1981)).

Our Supreme Court has defined "reasonableness" as follows:

> Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable* basis designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis.

*Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987) (quoting *Commonwealth ex rel. Washington v. Maroney*, 235 A.2d 349 (Pa. 1967)) (emphasis in original).

In addition, we are mindful prejudice requires proof that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. *Pierce*, 786 A.2d at 213. "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim

of ineffectiveness." ***Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009) (citing ***Commonwealth v. Sneed***, 899 A.2d 1067 (Pa. 2006)). Thus, when it is clear that a petitioner has failed to meet the prejudice prong of an ineffective-assistance-of-counsel claim, the claim may be disposed of on that basis alone, without a determination of whether the first two prongs have been met. ***Commonwealth v. Baker***, 880 A.2d 654, 656 (Pa. Super. 2005).

It is presumed that counsel was effective, unless the petitioner proves otherwise. ***Commonwealth v. Williams***, 732 A.2d 1167, 1177 (Pa. 1999). We are bound by the PCRA court's credibility determinations where there is support for them in the record. ***Commonwealth v. Battle***, 883 A.2d 641, 648 (Pa. Super. 2005) (citing ***Commonwealth v. Abu-Jamal***, 720 A.2d 79 (Pa. 1998)). Furthermore, claims of ineffective assistance of counsel are not self-proving. ***Commonwealth v. Wharton***, 811 A.2d 978, 986 (Pa. 2002).

In his first issue on appeal, Appellant argues that trial counsel was ineffective for failing to obtain medical records to challenge the voluntariness of Appellant's statement to the police. Appellant's Brief at 9-16. Appellant asserts that trial counsel should have investigated and sought to suppress Appellant's statements to police that were given during a two-and-one-half-hour interview while Appellant was hospitalized and medicated. ***Id***. at 9-12.

We have explained that "where an assertion of ineffective assistance of counsel is based upon the failure to pursue a suppression motion, proof of

the merit of the underlying suppression claim is necessary to establish the merit of the ineffective assistance of counsel claim." **Commonwealth v. Jones**, 942 A.2d 903, 909 (Pa. Super. 2008). An appellant must also "establish that there was no reasonable basis for not pursuing the suppression claim and that if the evidence had been suppressed, there is a reasonable probability the verdict would have been more favorable." **Commonwealth v. Arch**, 654 A.2d 1141, 1143 (Pa. Super. 1995). **See also Commonwealth v. Clark**, 626 A.2d 154, 157 (Pa. 1993) (explaining that a defendant asserting ineffectiveness based upon trial strategy must demonstrate that the "alternatives not chosen offered a potential for success substantially greater than the tactics utilized").

Here, the PCRA court addressed Appellant's claim of ineffective assistance of counsel for failing to seek suppression of Appellant's statements to police as follows:

> [Appellant's] **first** complaint is that the Trial Court erred in denying [Appellant's] PCRA claim that Trial Counsel was ineffective "for failing to obtain medical records to challenge the voluntariness of the statement [Appellant] made to the police." [Appellant] was interviewed at the hospital on November 18, 2011 at 1:19 p.m. (N.T., 3/11/16, page 30). The medical records indicate that [Appellant] had been given pain medication which included Oxycodone at 11:28 a.m. and Gabapentin at 1:00 p.m. on the day of the interview. (N.T., 3/11/16, pages 30-31; Defendant's Exhibit 1). However, just because someone is taking pain medication does not mean that any statements that they have made to the police are suppressible. Commonwealth v. Poplawski, 130 A.3d 697 (Pa. 2015). The only question is whether the statement was "the product of an essentially free and unconstrained choice by its maker." Id.

In regard to the medication that [Appellant] was on at the time the statement was given (Oxycodone and Gabapentin), there was no evidence presented as to what, if any, effect the medication would have had on [Appellant's] cognitive abilities. Moreover, there is nothing in [Appellant's] statement that leads the [PCRA] Court to believe that [Appellant] did not understand the questions, or that he was not answering the questions appropriately. [Appellant] did a fairly impressive job of maintaining his innocence, and he was consistent throughout. The foregoing indicates that [Appellant's] statement was the product of an essentially free and unconstrained choice on [Appellant's] part. There is no evidence to suggest otherwise.

Trial Counsel testified that in regard to his impression of [Appellant's] statement to police:

- During the 2 ½ hours, [Appellant] always maintained his innocence; and

- [Appellant's] statement was consistent with what Bobby Barnes and Darren Massengill were saying; and

- [Appellant's] answers to the questions asked were coherent; and

- There was no mention of [Appellant] being under the influence of any medication or that he did not understand the questions.

(N.T., 3/11/16, pages 52-53). Trial Counsel further indicated that because [Appellant] maintained his innocence throughout his statement, it was the best evidence for the defense. (N.T., 3/11/16, page 53).

Trial Counsel had a sound trial strategy for wanting the jury to hear [Appellant's] statement to the police. Trial Counsel got the jury to hear that [Appellant] had consistently over two and a half hours maintained his innocence of any involvement in the crime in question, and he got to do that without [Appellant] being subject to cross-examination. Therefore, Trial Counsel's inaction (of failing to obtain the medical records and not filing a suppression motion) was grounded on a reasonable basis designed to effectuate his client's interest.

Moreover, even if the statement had been suppressed, there is no reason to believe that the outcome of the trial would have been different. The only difference in the trial would have been that the jury would not have had the opportunity to hear [Appellant] vociferously declaring his innocence on numerous occasions over a two and [one-]half hour interview with the police.

Given the foregoing, this claim fails to meet the second and third prongs of the ineffectiveness standard.

PCRA Court Opinion, 6/9/16, at 2-4 (emphasis in orginal).

The PCRA court determined that Appellant failed to establish two prongs of the ineffectiveness test because trial counsel articulated a reasonable basis for making the conscious and strategic decision not to seek suppression and the outcome of Appellant's trial would not have been different if trial counsel sought suppression. The PCRA court's analysis is supported by the record and the law, and we agree with its determination that Appellant failed to meet his burden to prove that trial counsel was ineffective. Accordingly, Appellant's first allegation of ineffective assistance fails.

Appellant next argues that trial counsel was ineffective with regard to Appellant's decision not to testify at trial. Appellant's Brief at 16-20. Appellant contends that trial counsel failed to adequately discuss with Appellant the decision of whether to testify and to allow Appellant to exercise his right to testify.

The decision to testify on one's own behalf

is ultimately to be made by the accused after full consultation with counsel. In order to support a claim that counsel was ineffective for "failing to call the appellant to the stand," the appellant must demonstrate either that (1) counsel interfered with his client's freedom to testify, or (2) counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision by the client not to testify in his own behalf.

*Commonwealth v. O'Bidos*, 849 A.2d 243, 250 (Pa. Super. 2004) (internal citation and brackets omitted). "Counsel is not ineffective where counsel's decision to not call the defendant was reasonable." *Commonwealth v. Breisch*, 719 A.2d 352, 354-355 (Pa. Super. 1998).

In its opinion, the PCRA court addressed Appellant's ineffectiveness challenge in this regard as follows:

> In [Appellant's] second complaint, he contends that the [PCRA] Court erred in denying [Appellant's] PCRA claim that Trial Counsel "was ineffective for failing to adequately discuss [Appellant's] decision to testify and to allow him to exercise his right to testify." This contention is belied by the record. At trial, the [t]rial [c]ourt went through a thorough colloquy with [Appellant] regarding his decision not to testify. (N.T., 11/15/12, pages 459-462). [Appellant's] answers to the questions were clear, and at no point during the colloquy did [Appellant] say that he wanted to testify or that his attorney was pressuring him not to testify. At the conclusion of the colloquy, the [t]rial [c]ourt was satisfied that [Appellant] had the intelligence to rationally consider the issue, that [Appellant] and Trial Counsel talked about [Appellant's] options under the law regarding this issue, and that [Appellant] knowingly and intelligently decided not to testify on his own behalf. (N.T., 11/15/12, page 462). Moreover, there is no indication that had [Appellant] testified, the outcome of the trial would have been different.
>
> Given the foregoing, as this complaint is without arguable merit and there is no prejudice to [Appellant], it therefore fails to meet the first and third prongs of the ineffectiveness standard.

- 9 -

PCRA Court Opinion, 6/9/16, at 4-5.

Based on our review of the certified record, we discern no evidence to suggest that trial counsel actually interfered with Appellant's right to testify or gave advice so unreasonable as to vitiate a knowing and intelligent decision by Appellant not to testify. Accordingly, Appellant's claim that counsel was ineffective lacks merit.

Appellant last argues that trial counsel was ineffective for failing to adequately handle evidence regarding the fact that Appellant had been shot in an unrelated incident. Appellant's Brief at 21-29. Essentially, Appellant claims that trial counsel should have either objected to such testimony or requested a mistrial.

As we have observed:

> Our Supreme Court has recognized that counsel are not constitutionally required to forward any and all possible objections at trial, and the decision of when to interrupt oftentimes is a function of overall defense strategy being brought to bear upon issues which arise unexpectedly at trial and require split-second decision making by counsel. Under some circumstances, trial counsel may forego objecting to an objectionable remark or seeking a cautionary instruction on a particular point because objections sometimes highlight the issue for the jury, and curative instructions always do.

***Commonwealth v. Freeland***, 106 A.3d 768, 776 (Pa. Super. 2014) (quoting ***Commonwealth v. Koehler***, 36 A.3d 121, 146 (Pa. 2012)).

The PCRA court addressed this claim of ineffective assistance of counsel as follows:

[Appellant] contends in his third complaint that the [PCRA] Court erred in denying his PCRA claim that Trial Counsel was "ineffective for failing to redact and/or object to testimony that [Appellant] had been previously shot," and for failing to request a mistrial when the jury heard this mentioned, based on the likeliness of its highly prejudicial effect.

The fact that [Appellant] had been previously shot was mentioned in the trial transcript at five (5) different places during Detective Mayer's testimony, when he was reading portions of [Appellant's] interview to the jury. (N.T., 11/14/12, pages 347, 359, 373, 394, 409). Trial Counsel did not object at any of the times it was mentioned. At the PCRA hearing, Trial Counsel indicated that the reason he did not object was because he did not want to raise a red flag to the jury regarding the shooting reference, and he thought it may have just went past them and possibly did not think anything of it. (N.T., 3/11/16, page 63). Moreover, Trial Counsel testified that each time it was mentioned, it was quickly read over, was not harped upon, and he did not think that it was prejudicial. (N.T., 3/11/16, page 64).

The [PCRA] Court reviewed each reference in the transcript where it is mentioned that [Appellant] had been shot. They were all fleeting references; there were no details provided about the shooting; and there were no follow-up questions asked regarding how [Appellant] got shot. In addition, while people do get shot occasionally, it does not necessarily imply that the person who got shot committed a crime; rather, it usually implies that the person who was shot was the victim of a crime. Moreover, [Appellant's] involvement with illegal drugs was clearly indicated to the jury by the evidence presented at trial.

Given the foregoing, Trial Counsel's inaction regarding the references to [Appellant] getting shot was grounded on a reasonable basis and there is no evidence that but for Trial Counsel's inaction, the outcome of the trial would have been different. Therefore, this contention fails to meet the second and third prongs of the ineffectiveness standard.

PCRA Court Opinion, 6/9/16, at 5-6.

We discern no error in the PCRA court's decision to credit trial counsel's explanation for his decision not to highlight the fact that Appellant had suffered a gunshot injury by objecting and requesting a cautionary instruction. Thus, this constituted a reasonable trial strategy. Furthermore, we conclude the PCRA court's decision to reject this ineffectiveness claim is correct because Appellant cannot demonstrate any resulting prejudice from trial counsel's decision. Hence, Appellant's claim fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/8/2017